**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-CV-758 |
| GORBAN TRANSPORTATION, INC., and VLADIMIR GORBAN, | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff, BMO Harris Bank N.A., by and through its attorneys, complains of Defendants, Gorban Transportation, Inc. and Vladimir Gorban, as follows:

## THE PARTIES

1. Plaintiff, BMO Harris Bank N.A. ("Plaintiff"), is a national banking association with its main office located in Chicago, Illinois, as set forth in its articles of association.

2. Defendant, Gorban Transportation, Inc. ("Borrower"), is a corporation organized under the laws of the State of Missouri, with its principal place of business located at 1287 Hidden Oak Road, Chesterfield, Missouri.

3. Defendant, Vladimir Gorban ("Guarantor" and collectively with Borrower, the "Defendants"), is an individual citizen of the State of Missouri residing at 1287 Hidden Oak Road, Chesterfield, Missouri.

## JURISDICTION AND VENUE

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. One or more defendant resides within that geographical area known as the Eastern District of Missouri. Further, the events that give rise to the causes of action alleged in this Complaint occurred in said District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND
### The Agreements

9. On or about January 22, 2019, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "First Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein, with interest, pursuant to the terms thereof. A true and correct copy of the First Agreement is attached hereto as "**Exhibit A**."

10. On or about August 7, 2019, Plaintiff and Borrower entered into a Loan and Security Agreement (together with all amendments, modifications, and collateral documents relating thereto, the "Second Agreement"), pursuant to which Plaintiff financed Borrower's purchase of the equipment described therein, and Borrower agreed to repay Plaintiff the amount set forth therein, with interest, pursuant to the terms thereof. A true and correct copy of the Second Agreement is attached hereto as "**Exhibit B**."

11. From time to time herein, the First Agreement and Second Agreement are described collectively as the "Agreements."

12.     Pursuant to the Agreements, Borrower granted Plaintiff a first-priority security interest in the equipment described in the respective Agreements, including all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (collectively, the "Collateral").  In summary, the Collateral consists of the following vehicles:

| Agreement | Year | Make | Model | Desc. | VIN |
|---|---|---|---|---|---|
| First | 2019 | Peterbilt | 389 Series | Tractor | 1NPXL49X3KD275637 |
| First | 2019 | Cottrell | CX-9 | Trailer | 5E0A11441KG210301 |
| Second | 2020 | Volvo | VAH-Series | Tractor | 4V5RC9EH6LN250691 |

13.     Plaintiff properly perfected its security interest in the Collateral by recording its liens on the Certificates of Title.  True and correct copies of the Certificates of Title for each unit of Collateral are attached hereto as "**Exhibit C**."

14.     To induce Plaintiff into entering the Agreements, Guarantor, as guarantor, unconditionally guaranteed the performance of Borrower under the Agreements.  To evidence the guaranties, Guarantor executed Continuing Guaranties dated January 22, 2019 and August 7, 2019 (the "Guaranties") in favor of Plaintiff, true and correct copies of which are attached hereto as "**Exhibit D**."

15.     Under the terms and conditions of the Agreements and the Guaranties, the failure to make a payment when due is considered an event of default.

**Default Under the Agreement**

16.     Borrower is in default under the Agreements.

17.     Borrower failed to make payments under the Agreements when those payments became due.

18.     More specifically, Borrower failed to make the following payments when due:  the December 6, 2019, payment under the First Agreement and the January 1, 2020, payment under

the Second Agreement. No subsequent payments were made and Borrower's defaults under the Agreements are continuing.

19. Guarantor is in default under the Guaranties.

20. Guarantor failed to make payments under the Agreements when those payments became due. Guarantor's defaults under the Agreements and the Guaranties are continuing.

21. Due to Borrower's defaults, Plaintiff elected to accelerate the amounts due and owing under the Agreements effective May 4, 2020.

22. Under the Agreements, upon acceleration, Borrower is obligated to pay interest on all unpaid amounts at the rate of one and one-half percent (1 1/2%) per month or the maximum rate not prohibited by applicable law. Interest is calculated based on a 360 day year consisting of twelve 30 day months.

23. In addition, under the Agreements, Borrower is obligated to pay late charges and other fees due under the Agreements.

24. In addition, under the Agreements, upon default, Borrower is obligated to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral.

25. In addition, under the Agreements, Borrower is obligated to pay the attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights thereunder, including this lawsuit.

26. Under the Guaranties, Guarantor is obligated to pay all amounts due and owing by Borrower to Plaintiff under the Agreements, without limitation.

27. Calculated as of May 7, 2020, the amount due and owing under the Agreements, not including attorneys' fees and expenses or cost of collection, is an amount not less than $467,784.20.

28. Pursuant to the Agreements, upon Borrower's default thereunder, Borrower is obligated to immediately turn over to Plaintiff possession of the Collateral.

29. Plaintiff notified Defendants of their defaults under the Agreements and the Guaranties and made demand that Borrower surrender possession of the Collateral to Plaintiff and that Defendants pay the amounts due under the Agreements and the Guaranties.

30. In addition, on May 15, 2020, Plaintiff notified Defendants of its election to accelerate the amounts due and owing under the Agreement and made written demand upon Defendants to pay the amounts due and to surrender possession of the Collateral. True and correct copies of Plaintiff's Notice of Default and Acceleration to Defendants dated May 15, 2020, are attached hereto as "**Exhibit E**."

31. Despite express demand, Defendants have failed or refused to pay the amounts due and owing under the Agreements and the Guaranties.

32. Despite express demand, however, Borrower has failed or refused to surrender possession of the Collateral to Plaintiff. The Agreements and Guaranties expressly provide that Plaintiff and Defendants unconditionally waive their respective rights to a jury trial of any claim or cause of action relating thereto.

33. Plaintiff has performed any and all conditions and obligations required of it under the Agreements and the Guaranties.

### COUNT I
### (Injunctive Relief)

34. Plaintiff incorporates and realleges all preceding paragraphs in this Count I.

35. Borrower continues to possess and utilize, or is capable of utilizing, the Collateral for commercial purposes.

36. On any given day the Collateral is located, or is capable of being located, in diverse places throughout Illinois and surrounding states.

37. The Collateral is used to transport goods across the country and may not be in any one location for any prolonged period of time.

38. The Collateral depreciates and deteriorates as a result of its continued use by Borrower, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from Borrower.

39. Borrower has or should have in place capabilities to identify, locate, and surrender the Collateral, which capabilities may now be breaking down.

40. Plaintiff will suffer irreparable injury for which no adequate remedy at law exists unless Borrower and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Collateral; (b) ordered to advise Plaintiff of the location of the Collateral; and (c) ordered to surrender the Collateral to Plaintiff.

WHEREFORE, Plaintiff prays that:

a. Borrower and other persons and firms having knowledge of the injunction, including without limitation the officers and directors of Borrower having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Collateral as of the date of entry of the injunction order;

b. Borrower be ordered to disclose to Plaintiff the precise location of the Collateral in order for Plaintiff to reclaim it;

c. Borrower be ordered to recover the Collateral in the hands of third parties for delivery to Plaintiff;

    d.   Borrower be temporarily, preliminarily, and permanently enjoined from restricting access of Plaintiff to the Collateral; and

    e.   Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT II
### (Specific Performance)

41.    Plaintiff incorporates and realleges all preceding paragraphs in this Count II.

42.    In the event of default by Borrower under the Agreements, Borrower is obligated to return the Collateral at its expense to any location that Plaintiff directs.

43.    In the event of default by Borrower under the Agreements, Plaintiff is entitled to take possession of the Collateral or direct Borrower to remove it to a place deemed convenient by Plaintiff.

44.    In the event of default by Borrower under the Agreements, Plaintiff is entitled to repossess and remove the Collateral, wherever located.

45.    Plaintiff has performed its obligations under the Agreements, and is ready, willing, and able to perform under the Agreements.

46.    Despite demand by Plaintiff, Borrower has failed to cure its defaults under the Agreements and has failed to return the Collateral.

WHEREFORE, Plaintiff prays that judgment be entered in Plaintiff's favor and against Borrower, directing Borrower to specifically perform its obligations under the Agreements, and to return and allow the removal of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT III
### (Replevin)

47.    Plaintiff incorporates and realleges all preceding paragraphs in this Count III.

48. This claim is brought pursuant to MO Rev Stat § 533.010, *et seq*.

49. Pursuant to the Agreements, Plaintiff is lawfully entitled to possession of the Collateral.

50. The Collateral is wrongfully detained by Borrower.

51. Based upon the best knowledge, information, and belief of Plaintiff, and in the absence of an inspection and assuming that the Collateral is in immediately salable condition, for purposes of setting bond only and not as an admission of value, Plaintiff estimates the value of the Collateral to be approximately $467,784.20.

52. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the state against the property of Plaintiff, or against Plaintiff, nor seized under any lawful process against the goods and chattels of Plaintiff subject to that lawful process, nor held by virtue of any order for replevin against Plaintiff.

53. Plaintiff will be in danger of losing the Collateral, unless it be taken out of the possession of the defendant, or otherwise secured.

54. Based upon the best knowledge, information, and belief of Plaintiff, the Collateral is kept at 1287 Hidden Oak Road, Chesterfield, Missouri, but may not be present at such locations at any given time.

55. Plaintiff claims the value of the Collateral not delivered to the officer by virtue of the enforcement of an order of replevin.

WHEREFORE, Plaintiff prays that an order of replevin be entered on its behalf granting Plaintiff possession of the Collateral, and that Plaintiff be granted such other and further relief as shall be just and equitable.

## COUNT IV
**(Breach of Contract against Borrower)**

56. Plaintiff incorporates and realleges all preceding paragraphs in this Count IV.

57. The Agreements are valid and fully enforceable contracts between Borrower and Plaintiff.

58. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Agreements.

59. Borrower has not performed all the terms and conditions to be performed by Borrower pursuant to the Agreements and is in breach thereof.

60. Plaintiff has suffered damages due to Borrower's breach.

61. Plaintiff is entitled to contractual money damages from Borrower.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Borrower in the amounts due under the Agreements, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT V
**(Breach of Guaranty against Guarantor)**

62. Plaintiff incorporates and realleges all preceding paragraphs in this Count V.

63. The Guaranties are valid and fully enforceable contracts between Guarantor and Plaintiff.

64. Plaintiff has performed all terms and conditions to be performed by Plaintiff pursuant to the Guaranties.

65. Guarantor has not performed all the terms and conditions to be performed by him pursuant to the Agreements and the Guaranties and is in breach thereof.

66. Plaintiff has suffered damages due to Guarantor's breach.

67.     Plaintiff is entitled to contractual money damages from Guarantor.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Agreements and the Guaranties, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: June 11, 2020                    Respectfully submitted,

**BMO HARRIS BANK N.A.**

By: */s/ Nicole M. Multer*
    (one of its attorneys)

Nicole M. Multer, MO Bar No. 71090
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Phone: 816.983.8320
Fax: 816.983.8080
nikki.multer@huschblackwell.com

Aaron B. Chapin (pending Pro Hac Vice)
Femi L. Masha (pending Pro Hac Vice)
Husch Blackwell LLP
120 South Riverside Plaza
Chicago, IL 60606
Phone: 312.655.1500
Fax: 312.655.1501
aaron.chapin@huschblackwell.com
femi.masha@huschblackwell.com

*Attorneys for BMO Harris Bank N.A.*