UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00758-SRC |
| | ) |
| GORBAN TRANSPORTATION INC., | ) |
| et al., | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter is before the Court on BMO Harris Bank N.A.'s Motion for Attorney Fees and Costs. Doc. 60. The Court awards BMO Harris $500 in statutory costs and contractual attorneys' fees and costs of $30,661.73.

**I.     Background**

In February, the Court entered a default judgment against Gorban Transportation, Inc. and Vladimir Gorban requiring the Defendants to turn over collateral on a defaulted loan. Doc. 39. After BMO Harris secured all pieces of collateral, it filed a Motion for Attorneys' Fees and Costs, along with a Bill of Costs, seeking $36,055.23 in fees and costs incurred in prosecuting this case. Docs. 60; 60-3. Neither defendant has objected to BMO Harris's motion or its Bill of Costs.

**II.    BMO Harris's Bill of Costs**

Along with its motion for attorneys' fees, BMO Harris filed a Bill of Costs seeking the recovery of its taxable costs as a prevailing party. Doc. 60-3. BMO Harris seeks $970.73 in costs as follows:

Fees of the Clerk:                          $500

Fees for service of summons and subpoena: $467.53

Other Costs: $3.20

### A.  Standard

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Under that rule, costs recoverable include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.  28 U.S.C. § 1920. Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Computrol, Inc. v. Newtrend*, *L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000).  "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs[.]" *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007).  The Court has substantial discretion in awarding costs.  *Computrol,* 203 F.3d at 1072.  While the Court has discretion in determining the amount of costs, only the categories of costs set forth in section 1920 may be taxed.  *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

### B.  Fees of the Clerk

BMO Harris seeks $500 in fees paid to the Clerk.  These fees include the $400 filing fee and a $100 pro hac vice fee.  Doc. 60-1 at p. 20.  Both filing fees and pro hac vice fees are taxable as costs under section 1920, and the Court approves these costs.  *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).

### C.  Fees for service of summons and subpoena

BMO Harris also seeks $467.53 for fees for service of summons and subpoena on its Bill of Costs.  Doc. 60-1 at p. 20.  However, BMO Harris utilized a special process server, and the

Eighth Circuit has held that under 28 U.S.C. § 1920, a party may not recover the costs of using a special process server. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). Accordingly, the Court denies BMO Harris's request for an award of $467.53 in costs for service of summonses and subpoenas under section 1920, but as discussed below, BMO Harris can recover these fees pursuant to the attorneys' fees provision in the parties' agreements.

### D.  Other Costs

BMO Harris also listed $3.20 in postage fees on its Bill of Costs. Section 1920 does not allow generally for the taxation of postage costs to the losing party. Without additional detail, the Court cannot tax this cost, but, as discussed below, BMO Harris can recover this fee pursuant to the attorneys' fees provision in the parties' agreements.

In sum, the Court taxes $500 in fees for the clerk as statutory costs to the defendants pursuant to 28 U.S.C § 1920.

### III.  BMO Harris's Motion for Attorneys' Fees and Costs

The Court now considers BMO Harris's Motion for Attorneys' Fees and Costs under the terms of the bank's agreements with both defendants. The loans agreements provide that:

> Debtor [Gorban Transportation, Inc.] hereby agrees to indemnify, defend and hold harmless [Plaintiff] and its Affiliates and respective principals, directors, officers, employees, representatives, agents and third-party advisors from and against any and all losses, disputes, claims, expenses (including, without limitation, legal expenses), damages and liabilities of whatsoever kind and nature arising out of, in connection with, or relating to the Equipment, this Agreement or any other document related hereto. If allowed by law, the legal expenses shall include the amount of any flat fee, retainer, contingent fee or the hourly charges of any attorney retained by [Plaintiff] in enforcing any of [Plaintiff's] rights hereunder or in the prosecution or defense of any litigation related to this Agreement or the transactions contemplated by this Agreement. This indemnification shall survive the termination or expiration of this Agreement.

Doc. 1-2 at p. 3; Doc. 1-3 at p. 5.

3

Furthermore, the guaranties executed by Vladimir Gorban as an individual provide that he, as guarantor, "agrees to pay on demand the entire Indebtedness and all losses, costs, attorneys' fees and expenses which may be suffered by Bank by reason of [Gorban Transportation's] default or the default of any Guarantor hereunder." Doc. 1-5 at pp. 2–3. BMO Harris seeks $35,084.50 in attorneys' fees and $970.73 in costs according to these agreements. In support of the motion, BMO Harris submitted the affidavit of attorney Aaron B. Chapin, as well as billing records and a list of costs incurred. Doc. 60-1 at pp. 2–20. As previously mentioned, the defendants do not oppose the motion.

A.      Standard

In a diversity case, the Court must follow state law regarding an award of attorneys' fees, absent conflict with a federal statute or court rule. *Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011). In this case, due to the choice-of-law provisions in the contracts, the applicable state law is the law of Illinois. Doc. 1-2 at p. 3; Doc. 1-3 at p. 5. Under Illinois law, "[p]rovisions in contracts for awards of attorney fees are an exception to the general rule that the unsuccessful party is not responsible for payment of such fees." *MXL Indus., Inc. v. Mulder*, 623 N.E.2d 369, 379 (Ill. App. 1993) (citing *Abdul–Karim v. First Federal Savings & Loan Association*, 462 N.E.2d 488, 493 (Ill. 1984)). "Only those fees which are reasonable will be allowed." *Collins v. Hurst*, 736 N.E.2d 600, 602 (Ill. App. Ct. 2000). "To determine a reasonable fee award, a court must consider: (1) the skill and standing of the attorney employed, (2) the nature of the cause, (3) the novelty and difficulty of the questions, (4) the amount and importance of the subject matter, (5) the degree of responsibility in the management of the cause,

4

(6) the time and labor required, (7) the usual and customary charges in the community, and (8) the benefits resulting to the client." *Collins*, 736 N.E.2d at 602–03.

### B.     Attorneys' Fees

With these factors in mind, the Court concludes that the vast majority of the attorneys' fees sought by BMO Harris are reasonable, subject to a significant exception. BMO Harris's counsel charged a reasonable rate for its services, spent an appropriate amount of time working on the issues in the case (except as described below), and achieved a successful outcome for their client. However, the Court finds *unreasonable* the fees associated with preparing for and attending the September 15th contempt hearing and drafting the brief the Court ordered BMO Harris to submit after that contempt hearing.

On. August 12, 2021, BMO Harris filed a Motion for Order to Show Cause because, according to BMO Harris, the Defendants had not complied with the Court's judgment and refused to surrender loan collateral. Doc. 51. On August 17, 2021, the Court ordered the Defendants to show cause why the Court should not hold them in contempt, and held a hearing on the motion on September 15, 2021, to determine whether the bank had proven by clear and convincing evidence that Defendants had violated the Court's order. *See Indep. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920 (8th Cir. 1998) ("The [moving party] bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence."). The Defendants did not appear. At the hearing, the bank initially offered no evidence whatsoever. Only after prompting by the Court did the bank offer one exhibit, and then only after waiting for counsel to locate the exhibit and email it to the Court. The lone exhibit and the sworn testimony of BMO Harris's attorney, most of which was hearsay, constituted the sum-total of the bank's evidence. After noting the dearth of evidence, the Court ordered BMO Harris to file a brief and

5

further evidence for the Court's consideration.  The Court specifically instructed counsel to demonstrate in the brief that counsel understood the evidentiary burden it faced in seeking contempt, an instruction counsel ignored.

After it filed its memorandum in support of its motion with additional, attached exhibits, BMO Harris fared no better.  Almost all the evidence BMO Harris proffered was inadmissible for one reason or the other. First, BMO Harris did not submit the attached exhibits with testimony or other attestation under penalty of perjury such that the Court is assured of the exhibits' authenticity and accuracy.  The Federal Rules of Evidence require a party to properly authenticate evidence, under penalty of perjury.  Fed. R. Evid. 603, 901(a).  The *ipse dixit* of counsel does not suffice.  *See Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1006 (8th Cir. 2000) (an unverified and unauthenticated exhibit attached to a motion is a "legal nullity").  Second, portions of the proffered exhibits contained inadmissible hearsay.  Fed. R. Evid. 801.  For example, Exhibit C, Doc. 57-3, purported to describe a telephone call with a welding company in the state of Washington in which the welding company denied having possession of the collateral.  This testimony, even if authenticated and offered by a sworn witness, would be hearsay and thus inadmissible.  Third, and even more fundamentally, BMO Harris did not even introduce sworn testimony that it is not in possession of the collateral.  BMO Harris's attorneys did not have personal knowledge of whether the bank was in possession of the collateral and were not competent to testify to that fact.  Fed R. Evid. 602.

In sum, counsel for BMO Harris failed to bring admissible evidence to the September 15 hearing, and then the memorandum filed in response to the Court's order similarly failed to address the Court's concerns.  Considering these facts, the Court concludes that the *Collins* factors require the Court to refuse to award the fees associated with preparing for and attending

6

the September 15th contempt hearing and with drafting the "contempt sanctions brief", as BMO Harris's counsel describes it in their billing records. First, the question BMO Harris had to address was not "novel" or "difficult" because the Court simply required BMO Harris to comply with the Federal Rules of Evidence. *Collins*, 736 N.E.2d at 603. Second, the "the time and labor required" factor also counsels against awarding the fees associated with the memorandum. *Id.* at 604. Since counsel had already billed thousands of dollars for time spent preparing for the September 15th hearing, the Court should not charge the Defendants for time BMO Harris's attorneys spent attempting—and failing—to correct their own errors. The Court finds that the time spent preparing for and attending the September 15th contempt hearing far exceeded that which should have been required. Indeed, that BMO Harris's counsel charged their client for the time spent preparing for and attending the ill-fated hearing offends the Court's sensibilities. The Court further finds that the time spent drafting the memorandum was excessive and duplicative and exceeded the time and labor that should have been required for counsel to prepare and present admissible evidence to the Court.

Missouri Supreme Court Rule 4-1.1 states: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Counsel's performance demonstrated a lack of understanding of the law of evidence, knowledge of which is certainly "reasonably necessary" for representing a client at an evidentiary hearing. The Court notes attorney Aaron Chapin's sworn statement that he is "the principal attorney managing" this case. Doc. 60-1 at p. 2. Missouri Supreme Court Rule 4-5.1(b) requires that "[a] lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct." The Court exhorts Mr. Chapin to

ensure that those whom he supervises, including Mr. Masha, know the Federal Rules of Evidence before sending them to represent a client at an evidentiary hearing on their own.

For these reasons, the Court deducts from the attorneys' fees award the $4,893.50 of fees involving the memorandum requested by the Court at the September 15th contempt hearing. Specifically, the Court denies the seventeenth and twentieth time entries on page 18 of Doc. 60-1 and the second, third, fifth, sixth, seventh, and tenth through thirteenth time entries on page 19 of Doc. 60-1.  The Court approves the requested fee award in all other respects.

### C.   Costs and Expenses

Per the terms of the contracts and guaranties, BMO Harris can recover from Defendants "any and all. . .expenses (including, without limitation, legal expenses). . .arising out of, in connection with, or relating to the Equipment, this Agreement or any other document related hereto."  Doc. 1-2 at p. 3; Doc. 1-3 at p. 5; *see also* Doc. 1-5 at pp. 2–3.  By agreeing to pay all legal expenses, the agreements "override the strictures of § 1920."  *Weitz Co. v. MH Washington*, 631 F.3d 510, 535 (8th Cir. 2011).

BMO Harris requests $970.73 in contractual costs:  $500 in court fees, $467.53 in process server fees, and $3.20 in postage.  Doc. 60-1 at p. 20.  The Court finds that all of the costs submitted by BMO Harris are legal expenses related to this litigation.  However, because the Court already awarded the $500 in court fees as statutory costs, the Court deducts $500 from the award of contractual costs.  Therefore, the Court awards contractual costs in the amount of $470.73.

### IV.   Conclusion

The Court grants, in part, BMO Harris's [60-3] Bill of Costs and orders the Clerk to tax $500 in costs to the Defendants.  Further, the Court grants, in part, [60] BMO Harris's Motion

8

for Attorney Fees and Costs, less the fees the Court found unreasonable and the costs statutorily taxed.  Therefore, the Court awards BMO Harris contractual attorneys' fees of $30,191.00 and contractual costs of $470.73.  Interest on these awards accrues according to statute.  *See* 28 U.S.C. § 1961.

So Ordered this 12th day of November 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**